UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

DORA MATHIS, individually
and on behalf of all others similarly situated,

    Plaintiffs,

vs.

TARANTINO PROPERTIES, INC., a Florida corporation,
d/b/a Lake Forest Park
    Defendant.
_____/

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs, DORA MATHIS ("MATHIS" or "Plaintiff"), individually and on behalf of all others similarly situated, and for their causes of action against Defendant, TARANTINO PROPERTIES, INC., a foreign corporation, d/b/a Lake Forest Park ("TARANTINO" or "Defendant") state:

### The Parties

1. MATHIS is an individual residing in St. Lucie County, Florida.

2. TARANTINO PROPERTIES, INC. is a Florida corporation doing business as Lake Forest Park in St. Lucie County Florida.  TARANTINO ' owned and operated a senior living facility known as Lake Forest Park in St. Lucie County, located at 2909 S 25th St, Ft. Pierce, FL 34981.

3. MATHIS, and all similarly situated employees, were non-exempt employees of Defendant and scheduled and required to work for TARANTINO in the same job and capacity. Plaintiff, MATHIS, was employed as an "Activities Director" from approximately March 2013 through October 7, 2014 at Lake Forest Park.

Case 2:14-cv-14418-DMM   Document 1   Entered on FLSD Docket 10/22/2014   Page 2 of 6

Dora Mathis, individually and on behalf of all others similarly situated
v. Tarantino Properties, Inc., a foreign corporation
Complaint for Damages
Page 2

4. While employed as an "Activities Director" Plaintiff was paid a salary of $570 per week which was agreed and understood to cover 40 hours of work at the hourly rate of $14.25 per hour.

5. As an "Activities Director" Plaintiff reported to the executive director of the facility, who had sole authority to exercise all management and administrative functions at the facility.

6. As an "Activities Director" Plaintiff's primary duties and functions were to plan and conduct activities with the residents of the facility.

7. As an "Activities Director" Plaintiff was a non-exempt employee as defined by the FLSA and entitled to overtime pay for any and all hours worked in excess of 40 per work week.

8. As an "Activities Director" Plaintiff never supervised nor directed the work of two or more full time employees or their equivalent.

9. As a "Activities Director" Plaintiff did not have the actual authority to hire, fire or discipline employees, nor was her opinion ever given any consideration in the same.

10. Plaintiff by filing this action has and does consent to be a party to the Fair Labor Standards Act ("FLSA") claims of this action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff and all similarly situated employees are covered employees within the meaning of the FLSA.

12. Defendant has operated and continues to operate a senior living facility providing related services to residents of the facility at which Plaintiff was employed as well as facilities throughout the United States.

Case 2:14-cv-14418-DMM   Document 1   Entered on FLSD Docket 10/22/2014   Page 3 of 6

Dora Mathis, individually and on behalf of all others similarly situated
v. Tarantino Properties, Inc., a foreign corporation
Complaint for Damages
Page 3

13. Defendant is Plaintiff's and the putative class' "employer" within the meaning of that term under the FLSA, and/or Defendant is engaged with other entities or individuals in an enterprise subjecting it to the provisions of the FLSA with regard to Plaintiffs' and the putative class' employment.

## Jurisdiction and Venue

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

15. In addition, this Court has jurisdiction over Plaintiffs' and the putative class members' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. This Court may issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

17. Venue is proper in St. Lucie County, Florida, pursuant to 29 U.S.C. §1391.

18. Defendant has substantial contacts and operates a Senior Living Facility businesses within St. Lucie County, Florida and is subject to personal jurisdiction of this Court.

19. Defendant is engaged in interstate commerce and has annual gross volume of sales in excess of $500,000.00.

20. Plaintiff brings this action for unpaid wages on behalf of herself and other similarly situated current and former "Activities Directors" of Defendant.

## COUNT I - FLSA OVERTIME VIOLATIONS

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. Defendant required Plaintiff and all similarly situated employees to regularly work more than 40 hours per work week, but failed to pay Plaintiff and all similarly situated

Case 2:14-cv-14418-DMM   Document 1   Entered on FLSD Docket 10/22/2014   Page 4 of 6

Dora Mathis, individually and on behalf of all others similarly situated
v. Tarantino Properties, Inc., a foreign corporation
Complaint for Damages
Page 4

employees the overtime wages equal to 1 and ½ times their hourly wage for all hours worked beyond 40.

23. The intentional failure to pay overtime for any work performed during any given work week as alleged in paragraph 22 to Plaintiff and all similarly situated employees was a deliberate attempt by Defendant to avoid its obligation to pay overtime to Plaintiff and all similarly situated employees as required under the FLSA.

24. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff's and all similarly situated employees' proper wages.

25. Defendant has willfully engaged in a pattern and/or practice of unlawful conduct by failing to pay overtime earned on or off the clock to the Plaintiff and all similarly situated employees, and thus has willfully failed to pay employees the full overtime wage for hours worked in excess of 40 per work week.

26. Plaintiff bring this action on behalf of herself and all similarly situated employees pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of 29 U.S.C.§ 216(b), to remedy violations of the wage-and-hour provisions of the FLSA, that have deprived Plaintiff and all similarly situated employees proper pay.

27. Defendant directed and exercised control over Plaintiff's and all similarly situated employees' work at all relevant times.

28. Plaintiff's and all similarly situated employees' work was/is performed pursuant to Defendant's common guidelines and practices.

29. Plaintiff and all similarly situated employees were paid a salary equivalent to 40 hours of work at all relevant times.

Case 2:14-cv-14418-DMM   Document 1   Entered on FLSD Docket 10/22/2014   Page 5 of 6

Dora Mathis, individually and on behalf of all others similarly situated
v. Tarantino Properties, Inc., a foreign corporation
Complaint for Damages
Page 5

30. Plaintiff and all similarly situated employees were and are dependent on how they were/are classified as an employee, not on the jobs they performed at the direction of the Defendant.

31. Plaintiffs and all similarly situated employees are not subject to an exemption under the FLSA.

32. The work of the Class Members was and/or is essentially the same as the work of the Class Members described above. At all times during the FLSA class period, all of the Employee Class Members were paid in substantially the same manner and under substantially the same employment guidelines and practices as the Plaintiff.

33. All similarly situated employees, like the Plaintiff, are or were all subject to the same policy and/or practice whereby the Defendants willfully failed to record, credit, or properly and completely compensate for work performed beyond 40 hours per work week at the correct hourly rate as required by the terms of the FLSA.

34. The Defendant's refusal to pay Plaintiff and the Class Members overtime premiums for all hours worked in excess of 40 per work week on and off the clock was and is repeated, willful and intentional.

35. Plaintiff and all similarly situated employees have been damaged in the amount of difference between the wages they were actually paid and the amount of the wages they should have been paid pursuant to the FLSA and regulations adopted there under.

36. Defendant's refusal to pay Plaintiff and all similarly situated employees time and a half for all hours worked in excess of 40 per work week or the required wage differential violated 29 U.S.C. §§ 201, et. seq.

Case 2:14-cv-14418-DMM   Document 1   Entered on FLSD Docket 10/22/2014   Page 6 of 6

Dora Mathis, individually and on behalf of all others similarly situated
v. Tarantino Properties, Inc., a foreign corporation
Complaint for Damages
Page 6

37. The Defendant's violations of 29 U.S.C.§§ 201, et. seq. were repeated, willful and intentional.

38. Plaintiff and all similarly situated employees are entitled to liquidated damages in an amount equal to the amount of lost wages as set forth in 29 U.S.C. §201, et. seq.

39. Plaintiff and all similarly situated employees are entitled to reasonable attorney's fees and costs of this action as set forth in 29 U.S.C. §201, et. seq.

WHEREFORE, Plaintiffs, DORA MATHIS, individually and on behalf of all similarly situated employees, pray this Court enter Judgment against the Defendants, TARANTINO PROPERTIES, INC., a foreign corporation, and for the putative class members in an amount that is fair and reasonable under the circumstances, enjoining DEFENDANT from further violations of the Fair Labor Standards Act, for the costs of this action, attorney's fees, liquidated damages, prejudgment interest thereon from the date the employee was owed the wages, and for such other and further relief as is necessary and proper.

### Demand for Jury Trial

Plaintiff on behalf of himself and on behalf of all other similarly situated individuals demand a trial by jury on all issues and claims so triable.

CHRISTOPHER C. COPELAND, P.A.
824 W. Indiantown Road
Jupiter, FL 33458
561-691-9048 (office)
866-259-0719 (fax)

/s/ Christopher C. Copeland
CHRISTOPHER C. COPELAND
Florida Bar #938076
*Attorney for Plaintiff(s)*
Chris@CopelandPA.com